**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | No. CIV 05-1517-PHX RCB |
| ) | |
| vs. ) | O R D E R |
| ) | |
| Susan A. Towne-Nez, ) | |
| ) | |
| Defendant. ) | |

On May 20, 2005, Plaintiff, the United States of America, filed a complaint in this matter. Complt. (doc. 1). Defendant Susan A. Towne-Nez answered the complaint on September 15, 2005. Answer (doc. 4). Thereafter, on November 18, 2005, the United States filed a motion for summary judgment. (doc. 6). Towne-Nez did not file a response to the government's motion.

Under section 104 of the Indian Health Care Improvement Act (P.L. 94-437), the United States, through the Indian Health Service Scholarship Program ("IHSSP"), provides stipends, tuition, fees, and the like for individuals who attend health profession schools and agree to service requirements upon graduation. PSOF (doc. 7)

at ¶ 1.  Through the affidavit of Mary E. Mitchell, an accountant with the United States Department of Health and Human Services, the United States asserts that Towne-Nez signed IHSSP contracts on August 31, 1988 and April 2, 1989.  Id. at ¶ 2; Exbts. 1-A and 1-B (doc. 7).  She applied for and received IHSSP funds to obtain a bachelor's degree in nursing, but, according to the government, failed to complete her course of study for which she received funds.  PSOF (doc. 7) at ¶ 3; Mitchell Aff. (doc. 7) at ¶ 5.  After applying all credits and setoffs, the amount Towne-Nez owes the United States is $13,308.00 in principal plus interest at the contractual annual rate of 12.875%.  Id. at ¶ 4; Mitchell Aff. (doc. 7) at ¶ 6.  The government asserts that, despite demand, Towne-Nez has not paid the amount owing to the United States.  Id. at ¶ 5; Mitchell Aff. (doc. 7) at ¶ 7.

   Towne-Nez, in her Answer in this matter, maintained that she completed her degree and worked in a "Native American Health Facility" until she became disabled.  Answer (doc. 3) at 1.  However, to date, she has produced no evidence to support her assertions.

   In its motion for summary judgment, the United States contends that it has presented admissible evidence indicating that it is entitled to judgment as a matter of law in the amount of $13,308.00 in principal plus interest.  Motion (doc. 6) at 2.  Additionally, the United States asserts that it is entitled to collect a 10% surcharge under the Federal Debt Collection Procedure Act for the cost of litigation and collection.  Id., citing 28 U.S.C. § 3011(a); United States v. Mastrovito, 830 F. Supp. 1281 (D. Ariz. 1993) (10% surcharge awarded in judgment arising from defaulted

federal student loan).

Pursuant to Rule 56.1(b), Rules of Practice of the United States District Court for the District of Arizona (hereinafter "Local Rules"), the opposing party to a motion for summary judgment shall have 30 days after service within which to serve and file a responsive memorandum.  Under Local Rule 7.2(i), "if the opposing party does not serve and file the required answering memoranda... such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."  The Ninth Circuit requires that such motions be facially meritorious.  See Henry v. Gill Indus., 983 F.2d 943, 950 (9th Cir. 1993).

In light of the fact that over four months have passed since the United States filed its motion for summary judgment, and the motion is facially meritorious, the Court grants the United States' motion for summary judgment.

IT IS ORDERED that the United States' motion for summary judgment (doc. 6) is GRANTED.

IT IS FURTHER ORDERED that the clerk is directed to enter judgment in the amount of $13,308.00, plus a surcharge of $1,330.80 and pre and post-judgment interest at the contractual annual rate of $12.875%, and terminate this action.

IT IS FURTHER ORDERED denying Plaintiff's Motion To Extend Time To Make Initial Disclosures (doc. #12), as moot.

DATED this 29th day of March, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

1 | Copies to counsel of record and Defendant, pro se
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28